UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case Number: _____

Kelly Graham,

     Plaintiff,

vs.

Capital One Bank (USA) N.A.,

     Defendant.

**COMPLAINT**

  For this Complaint, Plaintiff, Kelly Graham, by undersigned counsel, states as follows:

**JURISDICTION**

  1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA").

  2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

  3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

  4. Plaintiff, Kelly Graham ("Plaintiff"), is an adult individual residing in West Palm Beach, Florida, and is a "person" as defined by 47 U.S.C. § 153(39) and is a "consumer" as the term is defined by 559.55(2).

5. Defendant Capital One Bank (USA) N.A. ("Capital One"), is a Virginia business entity with an address of 1681 Capital One Drive, McLean, Virginia 23060, and is a "person" as defined by 47 U.S.C. § 153(39) and is a "creditor" as defined in 559.55(3).

## FACTS

6. Within the last year, Capital One began calling Plaintiff's cellular telephone, number 772-xxx-7291, using an automatic telephone dialing system ("ATDS").

7. When Plaintiff answered calls from Capital One, he heard silence and had to wait on the line before he was connected to the next available representative.

8. On or about May 6, 2018, Plaintiff spoke with a live representative and requested that all calls to him cease.

9. Nevertheless, Capital One continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

12. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that

has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

13. Defendant's telephone system(s) have some earmarks of a predictive dialer.

14. When Plaintiff answered calls from Defendant, he heard silence before Defendant's telephone system would connect him to the next available representative.

15. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

21. Plaintiff incorporates by reference paragraphs 1 through 9 of this Complaint as though fully stated herein.

22. The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

23. Plaintiff is entitled to damages as a result of Defendant's violations.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Actual damages pursuant to Fla. Stat. § 559.77;

D. Statutory damages pursuant to Fla Stat.§ 559.77;

E. Costs of litigation and reasonable attorney's fees pursuant to Fla. Stat. § 559.77;

F. Punitive damages pursuant to Fla. Stat. § 559.77; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 21, 2018

Respectfully submitted,

By    */s/ Tamra Givens*
Tamra Givens, Esq.
Florida Bar No. 657638
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Email: tgivens@lemberglaw.com

*Attorney for Plaintiff*